UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MALENA CHACON SANTOS,

    Petitioner,

v.

    No. 1:26-CV-226-H

MARCELLO VILLEGAS, et al.,

    Respondents.

## ORDER

Malena Chacon Santos entered the United States two years ago. Dkt. No. 5 at 2. At that time, ICE placed her into removal proceedings with a Notice to Appear, charging her with removability as an immigrant "not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA]." Dkt. No. 5-1 at 8; *see* 8 U.S.C. § 1182(a)(7)(A)(i)(I). In November 2025, ICE placed Chacon Santos in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). Dkt. No. 5 at 4.

Before the Court is Chacon Santos's amended habeas petition, which demands her immediate release or a bond hearing based on the text of the INA, its implementing regulations, the APA, *Accardi* doctrine, and the Fifth Amendment. *Id.* at 13–15.

The Court has carefully considered the factual allegations and legal contentions raised in the amended petition. The Court has also considered hundreds of habeas petitions that sought relief on the same grounds raised in Chacon Santos's amended petition, and it has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v.*

*Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (internal quotation marks omitted).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60. And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- An alien's prior release on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) does not permit her to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

- *Accardi* claims, including *Accardi* claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi*, 2026 WL 1062625, at *5–6.

Chacon Santos's arguments in the amended petition are the same as the arguments raised in the cases above. The Court previously found these arguments unavailing. The Court has considered them anew in this petition and concludes that habeas relief is unwarranted. The Court thus denies the amended petition (Dkt. No. 5).

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* Nos. 26-50183, 26-50219, & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

– 3 –

So ordered on August 4, 2026.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE